UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Case No.** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| **WILLIAM ROBINSON,** | : | **18 U.S.C. § 2314 (Interstate** |
| | : | **Transportation of Stolen Property)** |
| **Defendant.** | : | |
| | : | **FORFEITURE: 18 U.S.C.** |
| | : | **§ 981(a)(1)(C), 28 U.S.C. § 2461(c), 21** |
| | : | **U.S.C. § 853(p)** |

## INFORMATION

The United States Attorney hereby charges that:

### Introduction

1. At all times relevant to this matter, Defendant WILLIAM ROBINSON ("ROBINSON") was employed at a non-profit corporation that advocates for policies related to safe food, drinking water, and the climate, hereinafter referred to as "Company A." Company A has fifteen (15) offices in the United States, including in the 1600 block of P Street, NW, Washington, D.C.

2. In 2012, ROBINSON was hired by Company A as a web developer. ROBINSON was promoted on multiple occasions and, in 2015, became the Chief Technology Officer. ROBINSON remained employed at Company A until October 17, 2019.

3. Each department within Company A was typically responsible for verifying that a vendor's invoice was for a legitimate expense, at which point the department would forward the invoice to the finance department. Forwarding an invoice to the finance department was an indication that the work had been done and payment should be made. In ROBINSON's role as

Chief Technology Officer, he was able to submit invoices directly to the finance department, which issued checks for payment. After the finance department issued the checks, they went to the Chief Operating Officer for final approval before signature by one of the designated individuals.

## The Scheme to Defraud

4. From between on or about March 2017, through on or about October 2019, in the District of Columbia and elsewhere, the defendant, WILLIAM ROBINSON, knowingly devised, intended to devise, and participated in a scheme and artifice to defraud and to obtain money and property from Company A by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts in connection with the payment of funds from Company A to Vulcan Network & Data Security, LLC ("Vulcan").

## The Purpose of the Scheme to Defraud

5. The purpose of the scheme to defraud was for ROBINSON to unlawfully enrich himself by creating fraudulent invoices for Vulcan and using the funds paid from Company A to Vulcan to divert the fraudulent proceeds to his own benefit.

## The Manner and Means of the Scheme

6. It was part of the scheme to defraud that ROBINSON created Vulcan and incorporated the company in Delaware on March 6, 2017.

7. It was further a part of the scheme that ROBINSON arranged for a contract for Vulcan to provide web security services to Company A.

8. It was further a part of the scheme that ROBINSON opened two bank accounts in Vulcan's name: one at Wells Fargo on April 24, 2017, and one at Navy Federal Credit Union on August 14, 2017.

9.      It was further a part of the scheme that ROBINSON created false invoices on behalf of Vulcan and submitted them to Company A's finance department, requesting payment for purported web security services, testing, and equipment, which it did not provide. Vulcan never provided Company A with any services. During the time of the false invoices, Company A was already paying a separate company for the same services purportedly provided by Vulcan.

10.     It was further a part of the scheme that ROBINSON submitted a total of thirteen (13) false Vulcan invoices to Company A, spanning from between on or about April 14, 2017, to on or about September 3, 2019. Company A issued checks to pay each of the false invoices, with the first check dated August 4, 2017, and the last check dated October 11, 2019. In total, Company A paid Vulcan $282,670.00 for services never provided.

11.     It was further a part of the scheme that ROBINSON caused Company A to mail the checks in payment for the false invoices from its offices in the District of Columbia to Vulcan's address in Dover, Delaware. The checks were then forwarded in the mail to ROBINSON's personal address in Virginia. ROBINSON generally deposited the checks and transferred the funds to his personal bank account at Northwest Federal Credit Union. ROBINSON used the funds to pay for personal expenses.

## COUNT ONE

12.     The allegations contained in paragraphs 1 through 11 of this Information are realleged and incorporated as if fully set forth herein.

13.     On or about October 11, 2019, in the execution and concealment of the above-described scheme and artifice to defraud, ROBINSON knowingly caused fraudulently obtained funds to be transported in interstate commerce; namely, check number 21330 from Company A's account at PNC Bank (account number xxxxxx1881) and payable to "Vulcan Network and Data

Security, LLC," with a value of $5,000 or more, caused to be transported in interstate commerce from the District of Columbia to Virginia, at which time ROBINSON cashed check number 21330 on or about October 11, 2019.

**(Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Section 2314)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title

4

28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $282,670.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

By:    /s/ *Christine M. Macey*
CHRISTINE M. MACEY
Assistant United States Attorney
D.C. Bar. No. 1010730
Fraud Section
555 4th Street, NW, Room 5243
Washington, D.C. 20530
(202) 252-7058
Christine.Macey@usdoj.gov

5

*[handwritten: William Robinson / MR]*
*[handwritten: Mich J Carroll 10-2-20]*