IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :  Criminal No. 20-211 |
| | : |
| WILLIAM ROBINSON, | : |
| | : |
| Defendant. | : |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant William Robinson ("Defendant Robinson") agrees and stipulates as follows:

### Background

At all times relevant to this Statement of Offense:

1. Company A is a non-profit corporation that advocates for policies related to safe food, drinking water, and the climate. It has fifteen (15) offices in the United States, including in the 1600 block of P Street, NW, Washington, D.C.

2. Defendant Robinson was hired by Company A in 2012 as a web developer. His starting annual salary was $60,000. Defendant Robinson was promoted on multiple occasions and, in 2015, became the Chief Technology Officer at Company A. Defendant Robinson remained employed at Company A until October 17, 2019. At the time of his termination, Defendant Robinson's salary was $190,000.

### Scheme to Steal from Company A

3. Defendant Robinson created Vulcan Network & Data Security, LLC ("Vulcan"), a company he incorporated in Delaware on March 6, 2017. Defendant Robinson arranged for a contract for Vulcan to provide web security services to Company A.

4. Defendant Robinson opened two bank accounts in Vulcan's name: one at Wells Fargo on April 24, 2017, and one at Navy Federal Credit Union on August 14, 2017.

5. Defendant Robinson created false invoices on behalf of Vulcan and submitted them to Company A's finance department, requesting payment for purported web security services, testing, and equipment, which it did not provide. Vulcan never provided Company A with any services. During the time of the false invoices, Company A was already paying a separate company for the same services purportedly provided by Vulcan.

6. Each department within Company A was typically responsible for verifying that a vendor's invoice was for a legitimate expense, at which point the department would forward the invoice to the finance department. Forwarding an invoice to the finance department was an indication that the work had been done and payment should be made. In Defendant Robinson's role as Chief Technology Officer, he was able to submit the Vulcan invoices directly to the finance department, which issued checks for payment. The checks were then routed to the Chief Operating Officer for final approval before signature by one of the designated individuals.

7. In the course of this fraud scheme, Defendant Robinson submitted a total of thirteen (13) false Vulcan invoices to Company A, spanning from between on or about April 14, 2017, to on or about September 3, 2019. Company A issued checks to pay each of the false invoices, with the first check dated August 4, 2017, and the last check dated October 11, 2019. In total, Company A paid Vulcan $282,670.00 for services never provided. Defendant Robinson received all of these funds.

8. Company A mailed the checks for payment from its offices in the District of Columbia to Vulcan's address in Dover, Delaware. The checks were then forwarded in the mail to Defendant Robinson's personal address in Virginia. Defendant Robinson generally deposited

the checks and transferred the funds to his personal bank account at Northwest Federal Credit Union. Defendant Robinson used the funds to pay for personal expenses.

9. Defendant Robinson had access to the email accounts of Company A executives. By reading the executives' emails, Defendant Robinson was made aware at a time prior to his termination that Company A was planning to terminate his employment due to poor performance.

## Movement of Funds Interstate

10. On October 11, 2019, Defendant Robinson contacted the Company A finance department and asked the department to issue three checks to make overdue payments to three separate vendors. One of these vendors was Vulcan, and the other two were companies to which Company A legitimately owed overdue payment. Defendant Robinson said that he wanted to hand deliver the checks and asked the finance department to give the checks to a particular Company A employee hereinafter referred to as "Person A." Company A issued the checks as Defendant Robinson requested.

11. Defendant Robinson offered to give Person A $50.00 to deliver the checks to him in Springfield, Virginia. Person A drove from Washington, D.C. to Springfield, Virginia, where Person A met with Defendant Robinson and provided him with the three checks.

12. The check to Vulcan was check number 21330 from Company A's account at PNC Bank (account number xxxxxx1881). The check was in the amount of $22,500 and payable to "Vulcan Network and Data Security, LLC." The check memo referenced "Invoice# FWW-201909-000012-E." Vulcan invoice FWW-201909-000012-E was dated September 3, 2019 and billed for "Bundled Services" described as "Managed Security Services"; "Managed Email

Security and Compliance Services"; and "Managed Network Services." Defendant Robinson cashed check number 21330 the same day he requested and received it: October 11, 2019.

13. Defendant Robinson admits that the proceeds he personally obtained as a result of the fraud scheme described above have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with a third party; and/or have been placed beyond the jurisdiction of the Court.

14. This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged crime.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 4444188

By: /s/ *Christine M. Macey*
CHRISTINE M. MACEY
Assistant United States Attorney
D.C. Bar No. 1010730
Fraud Section
555 4th Street, NW, Room 5243
Washington, D.C. 20530
(202) 252-7058
Christine.Macey@usdoj.gov

## Defendant's Acceptance

I have read this Statement of the Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of the Offense and all matters relating to it. I fully understand this Statement of the Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

10/2/20
Date

William Robinson/MJC
WILLIAM ROBINSON
Defendant

## Defense Counsel's Acknowledgment

I am Defendant William Robinson's attorney. I have reviewed every part of this Statement of the Offense with him. It accurately and completely sets forth the Statement of the Offense agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

10/2/20
Date

MARK J. CARROLL
Attorney for Defendant